OPINION
On September 28, 1990, defendant, Charles Clary, was convicted of rape and kidnapping in violation of R.C. 2905.01 and 2907.05. Defendant's convictions merged for purposes of sentencing, and on October 1, 1990, defendant was ordered to serve not less than ten, and no more than twenty-five years' incarceration. Defendant's conviction and sentence were upheld by this court in April 1991 in State v. Clary (1991),73 Ohio App.3d 42, and the Ohio Supreme Court denied further review. See State v. Clary (1991), 62 Ohio St.3d 1405.
In our previous decision, we set forth the events leading up to this offense as follows:
 The victim in this case testified that she resided with her children in a one-floor apartment. She was dating an individual named Marvin, who lived in the same apartment complex. One night in January 1990, Marvin introduced her to two men: Cole Baughman and defendant, Charles "Chuck" Clary. Defendant was a metal worker and at one time was Marvin's boss.
 The three men had been out drinking and returned to the victim's apartment. Unfortunately, Cole used some strong language in front of the victim, which upset Marvin. Consequently, Marvin exchanged harsh words with Cole and the two fought. Eventually, when Marvin got the better of Cole, defendant joined in and pummeled Marvin. The party ended.
 Two days later, on January 20, defendant and Cole returned to the victim's apartment ostensibly seeking to apologize to Marvin. However, Marvin was nowhere to be found.
 The three drank some beer which the two men had brought and then went out looking for Marvin. They went to several bars. At one bar, the victim danced with a stranger and defendant became upset and called her a "slut."
 After this, the three returned around 2:00 a.m., not having found Marvin. Cole locked the door of the apartment and then grabbed the victim by the legs. Although she did not scream, she was punched in the face, which injured her lip. Defendant hit her again and then raped her, penetrating her. At one point, the victim "blacked out." When she awoke, there was a knife at her throat. After that, she complied with the mens' demands for fellatio and intercourse. After the encounter, defendant threatened to kill her if she reported the incident.
 When the men left, the victim ran to her friend Kathy Copeland's apartment and told her what had happened. The victim called the police and described her assailants and the events to the authorities. She was then taken to the St. Anthony's Hospital emergency room. Days later, she positively identified defendant and Cole from police photographs. Id. at 55.
After the enactment of H.B. No. 180, the Department of Rehabilitation and Correction recommended that defendant be adjudicated a sexual predator. Based upon that recommendation, on October 28, 1999, the Franklin County Court of Common Pleas held a hearing in compliance with R.C. Chapter 2950. The court reviewed the record and trial transcript, heard argument from counsel, and on November 10, 1999, issued a decision in which it classified the defendant a sexual predator.
The trial court set forth its analysis of the factors contained in R.C.2950.09(B)(2)(a) through (j), as follows:
 The testimony at Defendant's trial established that the victim was sexually assaulted by two (2) men simultaneously. In addition to sexually assaulting the victim, Defendant Clary physically struck the victim on two (2) occasions in the face, (See State's Ex. 3, p. 37) and held a knife to the victim's throat while ordering her to perform oral sex on Baughman while at the same time raping her vaginally (See State's Ex. 3, pp. 37 + 38). Baughman did not engage in these additional acts of violence. After raping the victim, Defendant Clary threatened to kill the victim if she called law-enforcement (See State's Ex. 3, p. 41).
 Defendant has previously been convicted of Receiving Stolen Property in 1979 for which he was sentenced to two (2) to five (5) years in prison. At the time of sentencing, Defendant was placed on probation. This probation was ultimately revoked and Defendant served his time. In 1985, Defendant was convicted of receiving stolen property and served six (6) months. Defendant additionally was convicted of criminal damaging in 1985 for which he served a thirty (30) day sentence.
* * *
 The Court is mindful of the holding of the Tenth District Court of Appeals in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported. This case involving Defendant's Co-Defendant Cole Baughman has been cited by the defense for the proposition that a trial court cannot find an offender a sexual predator solely on facts arising from the underlying offense. The Court believes relevant portions of the transcript clearly disclose that Defendant was far more violent towards the victim in this case, than Baughman, thus constituting a finding by this Court that R.C. 2950.09(B)(2)(h) and (i) all specifically apply to this Defendant and this Determination Hearing. Additionally, Defendant, at the time of the offense was a twice convicted felon — another important distinction from the Baughman analysis. In summary, Defendant as a person, both by his conduct and exceptional cruelty in the rape and his record must be analyzed differently than his Co-Defendant.
 Defendant was convicted of both rape and kidnapping. Defendant's repeated acts of violence and threat to kill the victim constitute a pattern of abuse and cruelty. Based upon the acts of violence perpetrated upon the victim, the pattern of abuse which has been demonstrated and the Defendant's record, the court finds by clear and convincing evidence that defendant does fit the definition of a sexual predator as defined in R.C. 2950.01 et seq. [Footnote omitted.]
Defendant now appeals raising the following assignment of error:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). When determining whether an offender is a sexual predator, a trial court must consider all relevant factors, including, but not limited to, those set forth in R.C. 2950.09(B)(2)(a) through (j). Those factors are: the offender's age; prior criminal record; the age of the victim; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; whether the offender previously has been convicted of or pleaded guilty to any criminal offense; whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense; whether the offender participated in available programs for sex offenders; whether the offender suffers from any mental illness or disability; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender displayed or threatened cruelty during commission of the offense; and whether there are any additional behavioral characteristics that contributed to the offender's conduct.
Once it has considered the factors of R.C. 2950.09(B), in addition to all other relevant factors, the court is charged with determining whether the state has shown, by clear and convincing evidence, that the offender is likely to re-offend. R.C. 2950.09(C)(2). Clear and convincing evidence is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond reasonable doubt' in criminal cases, and which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122.
In this case, defendant relies upon our decision in State v. Baughman
(May 4, 1999), Franklin App. No. 98AP-929, unreported, for the proposition that he cannot be found to be a sexual predator based upon the facts underlying these offenses. In Baughman, this court opined that "[h]ad the legislature intended to rely solely on the underlying offense in sexual predator determinations, it would have done away with sexual predator determination hearings and simply classified any person committing a sexually oriented offense as a sexual predator." Id.
This court has since noted that Baughman was unique. In Baughman, relying upon the underlying facts alone would have been tantamount to automatically classifying any sexual offender a sexual predator. Statev. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported. However, Baughman, an unreported decision, has been distinguished on numerous occasions on the basis that it is "appropriate only where the facts indicate that the sole known act of sexual misconduct was the act for which defendant had been convicted and that fact, alone, without any of the other relevant factors was the basis for the sexual predator determination." State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported. See, also, Henson, supra; State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628; and State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597.
On several occasions, we have explained that R.C. Chapter 2950 does not require the state to prove a propensity to re-offend by facts other than the facts of the crime itself. Stated another way, R.C. Chapter 2950 does not contain a prohibition against being adjudicated a sexual predator based upon the facts arising from the underlying offense. In King,supra, we explained:
 * * * The statute draws no artificial distinction between facts underlying a conviction and other facts. Thus, we disagree that facts derived from the sexual offense for which defendant was convicted can never in themselves be sufficient to support a finding of sexual predator by clear and convincing evidence. * * *
Sexual predator determinations are fact specific and must be analyzed on a case-by-case basis. State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported. After carefully reviewing the record, we find there were sufficient facts for the trial court to find by clear and convincing evidence that defendant is a sexual predator as defined in R.C. 2950.01(E). As noted, a court must consider many factors in determining whether a defendant is a sexual predator.
In this case, defendant acted in concert with his co-defendant, and the two raped the victim simultaneously. Additionally, the defendant and victim had been drinking into the early hours of the morning. This fact raises the possibility that alcohol was used to impair the victim, who at trial testified that she "blacked out" after returning to her apartment. More generally, the defendant's substance abuse is also a relevant factor in assessing his danger of recidivism.
The trial court also found that the defendant acted with violence and cruelty in committing the offenses for which he was convicted. During the rape, defendant punched the victim in the face several times, and held a knife against her throat in order to force her to perform oral sex upon the co-defendant while defendant vaginally raped her. Defendant also threatened to kill the victim on more than one occasion. Finally, the court noted that defendant has at least two prior criminal convictions, has violated the terms and conditions of his probation on one of these convictions, and has not participated in any sexual offender treatment program.
Accordingly, we find that there are sufficient facts to establish by clear and convincing evidence defendant's propensity to re-offend. As such, the trial court properly classified the defendant to be a sexual predator. Defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.